Mr.'Justice Thottee
delivered the opinion.of the court.
The, act of 1837 makes it the duty of the sheriff when he-levies an execution on slaves or personal property of any kind, if the person whose property is levied 'on will give sufficient security, to take a bond from such debtor and sureties payable to the creditor, &c. The language of this statute ys explicit. and peremptory in its directions to -the sheriff, to take the bond, if the person whose property is seized will give security! This lawiyas evidently designed for the relief.and indulgence of the debtor ■whose property, might be taken in execution. But if all the defendants in . the original judgment must, unite in the bond, it will happen in a majority, of cases perhaps that the salutary purposes for which it was designed will be entirely defeated. It is not difficult to imagine *483 cases in which it will be impossible to procure all the judgment debtors .to the bond. In many instances they cannot be found, in others they may refuse. If the property of the principal debtor is seized,, his sureties may be unwilling to lose the benefit of that seizure. In such case, is the .debtor to be deprived of .the indulgence furnished him by-the law? If third persons,-known to the sheriff to be good, will become his sureties, it can surely be no prejudice to the creditor that they are substituted for the original surety. . It is well known that the law makes it the duty of the sheriff to levy -the execution first, upon the property of the principal debtor, and his only, a provision which was intended for the benefit of the sureties, but which must in many instances be entirely defeated under the construction of the act which is insisted on in this case. A levy, to ■ the amount of the execution satisfies it, and'discharges the original judgment. The remedy of the creditor after this has taken place is against the sheriff.- This is the well settled doctrine of the common law¿ The creditor’s security cannot surely be held to- be impaired or lessened, if, instead of forcing the property out of the possession of the debtor, he provides him with an. additional remedy upon a bond with good se'curities. In Virginia, under a statute similar to the act of this state, the right of any one of the defendants whose property may be taken in execution to give a 'bond, has not been questioned. In. the case of Langford v. Perrin, 5 Leigh’s Rep. 555, this right was fully recognized, and the questions discussed and decided- respected the effect of such procedure-’ upon the right of third persons. In Camp v. Laird, 6 Yerger, 248, the same construction of the statute is sanctioned. Indeed, it is difficult to conceive how -a different interpretation could ever have arisen. It is said in the argument of the counsel for the appellee, that the execution must pursue the original judgment. This is certainly, correct, and in this case the execution did issue against ail of the 'defendants in the original judgment. But it does hot hence follow, that it must be levied on the, property of all. On the contrary, the statute, requires the sheriff to levy on the property of the principal debtor, and when this is .done he clearly has the right, to give the bond authorized by the statute.
The judgment must be reversed and the -motion overruled.